UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

PHILIP LEVENSON,

                Defendant.
---------------------------------X

ORDER

Criminal Action No.
CR-01-1243
(Amon, J.)

WHEREAS, pursuant to the Judgment imposed on June 7, 2004, and amended July 19, 2004, in the above-captioned case, Philip Levenson (the "Defendant") was sentenced, among other things, to pay a special assessment of $300.00 and restitution in an amount not to exceed $25,000,000.00; and

WHEREAS, the Defendant paid the special assessment of $300.00 to the Clerk of the Court of the Eastern District of New York (the "Clerk") on June 22, 2004; and

WHEREAS, the Defendant has not made any payments toward the judgment of restitution, as of April 22, 2005; and

WHEREAS, the outstanding balance on the Defendant's judgment of restitution is $25,000,000.00; and

WHEREAS, the Defendant has filed an appeal of the above-referenced action with the Second Circuit Court of Appeals, which action is known as "United States v. Evergreen International, 04-2987-CR"; and

WHEREAS, the United States filed a notice of a lien in the amount of the restitution judgment against the Defendant in

1

Nassau County (the "U.S. lien"); and

WHEREAS, the U.S. lien attached to the Defendant's residence, the premises and real property located at 3330 Seawane Drive in Merrick, New York (the "residence"); and

WHEREAS, the Defendant and his spouse, Sharon Levenson, wish to sell the residence; and

WHEREAS, the Defendant and his spouse represent that they have a purchaser for the residence at a contract price of $675,000.00;

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the United States and Philip Levenson as follows:

1. The United States shall release the U.S. lien only to the extent that it attaches to the residence, and permit the sale of the residence.

2. In consideration thereof, Philip Levenson and Sharon Levenson hereby agree that $15,000.00 from the net proceeds of the sale of the residence shall be placed into escrow by depositing the funds into an interest-bearing account (the "Escrow Account") with the Clerk of the Court for the United States District Court for the Eastern District of New York pending the disposition of the Defendant's appeal of this case to the United States Court of Appeals for the Second Circuit.

3. The $15,000.00 shall be paid into escrow at the time of the closing of the sale of the residence by a certified or cashier's check payable to the "Clerk of the Court (EDNY)" referencing the above-captioned docket number.

4. The United States Attorney's Office will be notified of the time and place of the closing at the time it is scheduled and will have the option to appear at such closing.

5. The check shall be delivered to a representative of the United States Attorney's Office at the closing or by Federal Express to the attention of Beth P. Schwartz, Assistant U.S. Attorney, United States Attorney's Office, Eastern District of New York, 1 Pierrepont Plaza, 16th Floor, Brooklyn, New York, 11201, if no representative is present.

6. Following the placement of $15,000.00 into escrow as stated herein, all other net proceeds of the residence ("the remaining proceeds") will, for all purposes relating to the above-captioned case, be deemed the sole property of Sharon Levenson and not the property of Philip Levenson.

7. The remaining proceeds and any property purchased with all or part of the remaining proceeds, as well as any further proceeds or property derived from the sale or hypothecation of that property, are not subject to the U.S. lien now in effect, or to any other lien filed or to be filed in connection with the present Judgment.

8. The remaining proceeds and any property purchased with all or part of the remaining proceeds, as well as any further proceeds or property derived from the sale or hypothecation of that property, are exempt from the present Judgment.

9. The portion of the Defendant's sentence providing

for restitution shall be stayed pending appeal pursuant to Rule 38(e) of the Federal Rules of Criminal Procedure.

10. The Defendant agrees to notify the undersigned counsel for the United States of America of a decision by the Second Circuit within ten days of receiving a decision by that Court.

11. If the Defendant prevails in his appeal and the monetary portion of his sentence is vacated, defendant's counsel shall present the Second Circuit's decision and mandate and a certified copy of this Stipulation and Order to the Clerk of the United States District Court for the Eastern District of New York, who shall pay the deposited funds, including accrued interest, to defendant's counsel, after the Clerk deducts administrative costs associated with the Clerk's deposit and withdrawal of said funds.

12. If the Defendant does not prevail in his appeal and the monetary portion of his sentence is sustained, the Defendant's counsel or counsel for the United States of America shall present the Second Circuit's decision and mandate and a certified copy of this Stipulation and Order to the Clerk of the United States District Court for the Eastern District of New York, who shall pay over the deposited funds, including accrued interest, for credit to the Defendant's outstanding restitution judgment, after the Clerk deducts administrative costs associated with the Clerk's deposit and withdrawal of said funds.

13. Except as specified herein, nothing in this

agreement shall be construed as limiting the rights of the United States to collect the outstanding balance of the judgment of restitution imposed against the Defendant, or the rights of the Defendant to the substantive and procedural protections of the laws and Constitution of the United States.

Dated: Brooklyn, New York
May 11, 2005

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
Attorney for the United States
One Pierrepont Plaza, 16th Fl.
Brooklyn, N. Y. 11201

By: /s/ Mary M. Dickman
MARY M. DICKMAN
Assistant U.S. Attorney
(718) 254-6022

Dated:

AGREED AND CONSENTED TO:
/s/ Philip Levenson
PHILIP LEVENSON
Defendant

JEREMY GUTMAN
Attorney for Defendant
251 East 61st Street
New York, New York 10021

By: /s/ Jeremy Gutman
JEREMY GUTMAN, ESQ.
(212) 644-5200

AGREED AND CONSENTED TO:
/s/ Sharon Levenson
SHARON LEVENSON

IT IS SO ORDERED:
Dated: Brooklyn, New York
May 13, 2005
s/CBA

HONORABLE CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

5